IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JAMES KENNINGTON, DARREN JASKULSKI, and JUAN URBINA, JR., | : <br> : <br> : <br> :    CASE NO.: 1:19-CV-52(WLS) <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Plaintiffs, | |
| v. | |
| HARPER'S TREE AND STUMP REMOVAL, INC., and DONALD RANDOLPH HARPER, | |
| Defendants. | |

## ORDER

      Before the Court is the Parties' Joint Motion for Settlement Approval. (Doc. 10.) Upon thorough review of the proposed settlement, and for the following reasons, the Court accepts and approves the settlement. The Parties' Joint Motion (Doc. 10) is **GRANTED**.

      Plaintiffs brought this action alleging violations under the Fair Labor Standards Act of 1938 ("FLSA"). (Doc. 4 ¶ 1.) Plaintiffs, individually and on behalf of a purported class of similarly situated employees, allege that Defendants never paid them time and a half overtime pay for the hours worked in excess of forty (40) hours in the work week as required by the FLSA." (*Id.* at ¶ 17.) The Parties now submit a proposed settlement agreement to the Court, asking the Court to approve the agreement and dismiss this action with prejudice. (Doc. 10.) Because the agreement between the Parties was not made under the supervision of the Secretary of Labor, the Court must scrutinize the Parties' settlement for fairness before entering a stipulated judgment on their agreement. *See* 29 U.S.C. § 216(b)-(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982); *Lugo-Malone v. Advance/Newhouse P'ship*, No. 6:10-cv-1628-Orl-28DAB, 2011 U.S. Dist. LEXIS 34120, at *2 (M.D. Fla. Mar. 8, 2011) (analyzing settlement of EPA claim because it is an amendment to the FLSA); *Planes v. Wells Fargo Bank, N.A.*, No. 2:13-cv-217-FtM-38DNF, 2013 U.S. Dist. LEXIS 135824, at *2 (M.D. Fla. Sep. 18, 2013) (same).

Before approving a FLSA settlement, the court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores*, 679 F.2d at 1354–55. Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours and to prohibit the contracting away of their rights. *Lynn's Food Stores*, 679 F.2d at 1352 (citing *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)). If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a compromise of alleged FLSA violations is fair, a court should consider whether the employee was advised by counsel, whether the negotiations were fair and at arm's length, and whether the agreement appears to be a reasonable compromise and fair to the employee.[1] *See Lynn's Food Stores*, 679 F.2d at 1354. Generally, when considering a proposed settlement, there is a strong presumption in favor of approving the settlement because it represents the parties' own compromise based on the judgment of counsel. *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977). Here, the Parties agree that Plaintiffs' claims under the FLSA are still in dispute. (Doc. 10 at 3.) Both Parties were also represented by counsel throughout this action. "[Defendants'] calculated the maximum number of hours each employee may have worked for each week during their entire employments with Defendants based on their respective hourly wages and the gross amount of their pay checks." (*Id.* at 3–4.) Accordingly, the Parties agreed upon a tentative settlement agreement whereby Defendants would pay: (1) Plaintiff's counsel $8,000.00 for attorney's fees and $400.00 for the filing fee; (2) Plaintiff Kennington $2,082.77 without liquidated damages; Plaintiff Jaskulski $1,015.96 without liquidated damages; and Plaintiff Urbina $792.00 without liquidated damages. The Parties agree that the settlement agreement meets the requirements for fairness and

---

[1] Some courts also consider the factors used in approving the settlement of class actions: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Helms v. Cent. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *3-4 (M.D. Fla. Dec. 21, 2006) (quoting *Leverso v. SouthTrust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)). Consideration of these factors also indicates that the proposed settlement agreement here is reasonable.

reasonableness with respect to Plaintiffs and furthers the implementation of the FLSA.[2] Because the Parties' agreement appears to be a fair compromise in all respects, the Court finds that it is reasonable.

Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x. 349, 351 (11th Cir. 2009) (per curiam). To encourage private enforcement of statutory rights under the FLSA: "The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). When a statute or rule of law permits an award of reasonable attorney's fees to the prevailing party, a court should utilize the lodestar method in computing the appropriate fees. *Norman v. Hous. Auth. of the City of Montgomery, Ala.*, 836 F.2d 1292, 1298–99 (11th Cir. 1988) (citations omitted). Under the lodestar method, a court determines the objective value of a lawyer's services by multiplying the hours reasonably expended by a reasonable hourly rate. *Id.* at 1299 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Plaintiff's counsel notes total fees and expenses of $10,118.80, with fees comprising of $9,700.00.[3] (Doc. 10-2 at 5.) Upon reviewing the docket, the Court finds counsels' fee to be reasonable considering the time required to conduct research for the case and negotiate the settlement agreement. In light of the work involved, the Court finds that a maximum time of 20 hours per attorney is not an excessive, redundant, or otherwise unnecessary amount, especially because both Parties agree that it is reasonable. *Helms v. Cent. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *12 (M.D. Fla. Dec. 21, 2006) (upon finding the plaintiff's recovery amount of $9,000 reasonable, "accept[ing] the parties' stipulation as to the reasonableness of the attorney's fees and costs" for $6,000). Furthermore, as in other courts, this Court sees no indication that the attorney's fee payment has adversely affected Plaintiff's recovery amount. *See, e.g.*, *Stokes v. Gulf Distrib. Co. of Mobile, LLC*, No. 17-

---

[2] Agreements on smaller amounts have been found fair and reasonable. *See, e.g.*, *Planes*, 2013 U.S. Dist. LEXIS 135824, at *2 (finding $950 for unpaid wages and $950 for liquidated damages reasonable).
[3] Lead counsel expended 20 hours at a rate of $350.00/hour on this case, while secondary counsel expended 18 hours at a rate of $150.00/hour.

0443-WS-M, 2018 U.S. Dist. LEXIS 65897, at *7-8 (S.D. Ala. Apr. 19, 2018) (approving attorney's fee in FLSA case because there was no indication that it "adversely impact[ed] the plaintiff's recovery"); *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009) (explaining that attorney's fees may be found reasonable where the plaintiff's recovery was not adversely affected by the amount of fees paid to counsel). Unlike in other FLSA cases where the attorney's fee was found to be unreasonable, here, Plaintiffs were entitled to recover for "the maximum overtime to which they could be entitled if they prevailed in fully carrying their burden of proof and Defendants lost on all defenses." (Doc. 10 at 4.) *See Brenowitz v. Implant Seminars, Inc.*, No. 17-20184-CIV-GOODMAN, 2017 U.S. Dist. LEXIS 126959, at *11-12 (S.D. Fla. Aug. 10, 2017) (approving counsel's 40% contingency fee of more than twice the lodestar where the risk of recovering nothing was substantial); *cf. Arce v. Doral Costa Servs., LLC*, No. 17-22892-CIV, 2017 U.S. Dist. LEXIS 181969, at *4 (S.D. Fla. Oct. 31, 2017) (recommending redistributing a small percentage of counsel's fees to plaintiff, where the plaintiff was to be paid less than one third of the recovery he sought and less than his counsel). Applying the law to the facts here, the Court finds that the payment amounts and other provisions within the agreement are reasonable.[4]

Having considered the Joint Motion (Doc. 10) and finding the Settlement Agreement and Release (Doc. 10-1) to be fair, the Parties' motion (Doc. 10) is hereby **GRANTED**. The settlement agreement (Doc. 10-1) incorporated herein by reference is **APPROVED**. This action is hereby **DISMISSED WITH PREJUDICE**. The Court will retain jurisdiction solely for the purpose of enforcing the terms of the Settlement Agreement (Doc. 10-1).

**SO ORDERED**, this 13th day of December, 2019.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013) ("District courts [] are accorded discretion in deciding whether to approve settlement agreements," including those containing general releases.).